IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GLENN HEAGERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. _____ |
| EQUIFAX INFORMATION | ) | |
| SERVICES LLC and NATIONAL | ) | |
| CONSUMER TELECOM & | ) | |
| UTILITIES EXCHANGE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, plaintiff Glenn Heagerty respectfully shows the Court the following:

### Parties, Jurisdiction and Venue

1.     Mr. Heagerty is an individual and a resident of the State of Georgia.  Mr. Heagerty is a "consumer" under 15 U.S.C. 1681a(c).

2.     Defendant Equifax Information Services LLC ("Equifax") is a Georgia limited liability company having its principal place of business at 1550 Peachtree Street, Atlanta, Georgia 30309.  Equifax is a "consumer reporting agency" under 15 U.S.C. 1681a(f).  Equifax is subject to the

jurisdiction of this Court and may be served with process by serving its registered agent, Lisa Stockard, at 1550 Peachtree Street, Atlanta, Georgia 30309.

3.    Defendant National Consumer Telecom & Utilities Exchange, Inc. ("NCTUE") is a corporation organized and existing under the laws of the State of New Jersey and having its principal place of business in the State of Texas.  NCTUE is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91 because it transacts business in Georgia and specifically in this District and Division.  NCTUE may be served with process by serving its registered agent, Corporation Service Company, Princeton South Corporate Center, 100 Charles Ewing Blvd., Suite 160, Ewing, New Jersey 08628.

4.    The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically 15 U.S.C. § 1681 *et seq.*, which is also known as the Fair Credit Reporting Act ("FCRA").

5.    Venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b)(2) and Local Rule 3.1B(3).

## Factual Background

6.     Equifax is a "consumer reporting agency" under 15 U.S.C. 1681a(f).   Equifax maintains a database containing payment history information on more than 200 million U.S. consumers.  Equifax obtains this information from "furnishers," such as banks and credit card companies, including Wells Fargo, Bank of America and Capital One.  Equifax then sells that information in the form of "consumer reports" to persons and entities having a permissible purpose under 15 U.S.C. 1681b.

7.     NCTUE is also a "consumer reporting agency" under 15 U.S.C. 1681a(f).   NCTUE maintains a database containing payment history information on more than 200 million U.S. consumers.  NCTUE obtains this information, its members, which are telecommunication, utilities and pay/cable TV service providers, such as AT&T and DirecTV.  NCTUE then sells that information in the form of "consumer reports" to other NCTUE members who have a permissible purpose under 15 U.S.C. 1681b.

8.     On or about May 17, 2016, Mr. Heagerty exercised his rights under 15 U.S.C. 1681g and requested what is commonly known as a "file disclosure" from NCTUE.   In other words, Mr. Heagerty requested that NCTUE disclosed to him all information contained in his NCTUE file,

including but not limited to (1) the sources of that information and (2) the identification of each person or entity that obtained a consumer report regarding Mr. Heagerty from NCTUE.

9.   On or about June 3, 2016, Mr. Heagerty received his file disclosure from NCTUE.

10.   Upon reviewing his NCTUE file disclosure, Mr. Heagerty learned, for the first time, that during the time period June 25, 2014 to May 31, 2016, NCTUE had provided Mr. Heagerty's NCTUE consumer report to Equifax on numerous occasions.  He has since learned that NCTUE provided his consumer report to Equifax on at least 90 occasions, including on the following days: June 25, 2014, June 30, 2014, July 1, 2014, July 2, 2014, July 18, 2014, July 21, 2014, July 22, 2014, July 23, 2014, July 25, 2014, July 30, 2014, August 8, 2014, August 19, 2014 August 20, 2014, September 9, 2014, October 7, 2014, November 4, 2014, November 5, 2014, December 1, 2014, July 7, 2015, August 10, 2015, August 27, 2015 August 28, 2015, August 30, 2015, September 2, 2015, September 14, 2015, November 8, 2015, November 9, 2015, May 12, 2016, May 15, 2016, May 26, 2016, May 27, 2016, May 31, 2016, June 14, 2016, June 15, 2016, June 16, 2016, June 19, 2016, June 21, 2016, June

22, 2016, June 23, 2016, June 24, 2016, June 25, 2016, June 27, 2016 and July 3, 2016.

11.    In some instances, NCTUE provided Equifax with multiple consumer reports for Mr. Heagerty on the same day. For example, on November 4, 2014, NCTUE provided Equifax with nine separate consumer reports for Mr. Heagerty.

12.    Under 15 U.S.C. § 1681b(a), a consumer reporting agency's ability to provide consumer reports to another person or entity is strictly limited.  Consumer reporting agencies, like NCTUE, can provide a consumer report only if the person or entity receiving the report has one of the "permissible purposes" listed in the foregoing code section.

13.    NCTUE did not have a permissible purpose to provide Mr. Heagerty's consumer report to Equifax and Equifax did not have a permissible purpose to obtain Mr. Heagerty's consumer report from NCTUE on the occasions identified in Paragraphs 10 – 11 above.

14.    NCTUE sells consumer reports only to its members, and Equifax is not a member of NCTUE.

15.    NCTUE did not provide Mr. Heagerty's consumer reports to Equifax in response to a court order or subpoena issued in connection with

proceedings before a Federal grand jury.  No such order or subpoena has been issued with respect to Mr. Heagerty's NCTUE consumer report.

16.    NCTUE did not provide Mr. Heagerty's consumer reports to Equifax in response to written instructions from Mr. Heagerty.   Mr. Heagerty has never given NCTUE permission to provide his consumer report to Equifax.

17.    NCTUE had no reason to believe that Equifax intended to use Mr. Heagerty's consumer reports in connection with a credit transaction. Mr. Heagerty has never applied for credit with Equifax.

18.    NCTUE had no reason to believe that Equifax intended to use Mr. Heagerty's consumer reports for employment purposes.  Mr. Heagerty did not and has not applied for employment with Equifax during the time period described in Paragraph 10 above.

19.    NCTUE had no reason to believe that Equifax intended to use Mr. Heagerty's consumer reports in connection with the underwriting of insurance.  Mr. Heagerty has never applied for insurance from Equifax. Upon information and belief, Equifax does not sell or underwrite insurance.

20.    NCTUE had no reason to believe that Equifax intended to use Mr. Heagerty's consumer reports in connection with a determination of Mr.

Heagerty's eligibility for a license or other benefit granted by a governmental instrumentality.  Mr. Heagerty did not and has not applied for any license or other benefit granted by a governmental instrumentality during the time period described in Paragraph 10 above.

21.    NCTUE had no reason to believe that Equifax intended to use Mr. Heagerty's consumer reports for any other purpose authorized by 15 U.S.C. § 1681b.

22.    Furthermore, under 15 U.S.C. § 1681b(f), it is illegal for a person or entity to obtain a consumer report without having a permissible purpose under 15 U.S.C. § 1681b(a) and certifies that purpose in accordance with 15 U.S.C. § 1681e.

23.    For reasons explained in Paragraphs 14 – 21 above, Equifax did not have a permissible purpose to obtain Mr. Heagerty's consumer report from NCTUE on the occasions identified in Paragraphs 10-11 above or otherwise.

24.    One of the Congressional purposes for enacting the FCRA, and specifically 15 U.S.C. § 1681b, was to protect consumers' privacy.  Indeed, in the very first section of the FCRA, Congress found that "[t]here is a need to ensure the consumer reporting agencies exercise their grave responsibilities

with fairness, impartiality, and a respect for the consumer's privacy. 15 U.S.C. § 1681(a)(4).

25.   As a proximate result of NCTUE providing and Equifax obtaining Mr. Heagerty's consumer reports without a permissible purpose, Mr. Heagerty has suffered damages, to wit: (i) he has suffered an invasion of his right to privacy and (ii) he has suffered emotional distress, is anxious, and unable to focus on his work or sleep.

Count 1 – Violation of 15 U.S.C. § 1681b(a) by NCTUE and Equifax

26.   NCTUE negligently or, in the alternative, willfully violated 15 U.S.C. § 1681b(a) by providing Mr. Heagerty's NCTUE consumer reports to Equifax without a permissible purpose and on no less than 90 occasions, including those occasions identified in Paragraphs 10-11 above.

27.   Equifax negligently or, in the alternative, willfully violated 15 U.S.C. § 1681b(a) by repeatedly obtaining Mr. Heagerty's NCTUE consumer reports from NCTUE without a permissible purpose on dates subsequent to September 1, 2015.

28.   As a proximate result thereof, Mr. Heagerty has suffered and is entitled to recover actual damages in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

29.   In the alternative and as a result of NCTUE's and Equifax's willful violations of 15 U.S.C. § 1681b(a), Mr. Heagerty is entitled to recover statutory damages in the amount of $1,000 per violation as allowed by 15 U.S.C. § 1681n(a)(1).

30.   As a result of NCTUE's and Equifax's willful violations of 15 U.S.C. § 1681b(a), Mr. Heagerty is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a).

31.   Mr. Heagerty is also entitled to recover his reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(b).

<u>Count 2 – Violation of 15 U.S.C. § 1681e(a) by NCTUE</u>

32.   NCTUE negligently or, in the alternative, willfully violated 15 U.S.C. § 1681e(a) by failing to maintain reasonable procedures designed to avoid violations of 15 U.S.C. § 1681b(a), which resulted in NCTUE providing Mr. Heagerty's NCTUE reports to Equifax without a permissible purpose and on no less than 90 occasions, including those occasions identified in Paragraphs 10-11 above.

33.   As a proximate result thereof, Mr. Heagerty has suffered and is entitled to recover actual damages in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

34.     In the alternative and as a result of NCTUE's willful violation of 15 U.S.C. § 1681e(a), Mr. Heagerty is entitled to recover statutory damages in the amount of $1,000 per violation as allowed by 15 U.S.C. § 1681n(a)(1).

35.     As a result of NCTUE's willful violation of 15 U.S.C. § 1681e(a), Mr. Heagerty is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a).

36.     Mr. Heagerty is also entitled to recover his reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(b).

<u>Count 3 – Violation of 15 U.S.C. § 1681b(f) by Equifax</u>

37.     Equifax negligently or, in the alternative, willfully violated 15 U.S.C. § 1681b(f) by repeatedly obtaining Mr. Heagerty's NCTUE reports without a permissible purpose on dates subsequent to September 1, 2015.

38.     As a proximate result thereof, Mr. Heagerty has suffered and is entitled to recover actual damages in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

39.     In the alternative and as a result of Equifax's willful violation of 15 U.S.C. § 1681b(f), Mr. Heagerty is entitled to recover statutory damages in the amount of $1,000 per violation as allowed by 15 U.S.C. § 1681n(a)(1).

40.     As a result of Equifax's willful violation of 15 U.S.C. § 1681b(f), Mr. Heagerty is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a).

41.     Mr. Heagerty is also entitled to recover his reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(b).

WHEREFORE, Mr. Heagerty respectfully prays that the Court:

1.     Issue process to defendants NCTUE and Equifax;

2.     Conduct a trial by jury of all claims asserted herein;

3.     Enter judgment in favor of Mr. Heagerty as consistent with the jury's verdict; and

4.     Grant Mr. Heagerty such other and further relief as it deems just and necessary.

This 23rd day of March, 2018.


**MCRAE BERTSCHI & COLE LLC**      */s Craig E. Bertschi*
Suite 200, 1350 Center Drive       Craig E. Bertschi
Dunwoody, Georgia 30338            Georgia Bar No. 055739
                                   ceb@mcraebertschi.com
                                   678.999.1102

                                   Charles J. Cole
                                   Georgia Bar No. 176704
                                   cjc@mcraebertschi.com
                                   678.999.1105

                                   *Counsel for Plaintiff*