IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| GLENN HEAGERTY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | 1:18-cv-01233-CAP-CMS |
| | ) | |
| EQUIFAX INFORMATION SERVICES LLC; and NATIONAL CONSUMER TELECOM & UTILITIES EXCHANGE, INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT NATIONAL CONSUMER TELECOM & UTILITIES EXCHANGE, INC.'S  ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, National Consumer Telecom & Utilities Exchange, Inc. ("NCTUE"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, NCTUE states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants.  In answering the Complaint, NCTUE denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, NCTUE responds as follows:

1. NCTUE admits that Plaintiff is a consumer as defined by the FCRA. NCTUE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1.

2. NCTUE admits that Equifax is a consumer reporting agency as defined by the Fair Credit Reporting Act 15 U.S.C. §§1681, *et seq*. ("FCRA"). NCTUE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2.

3. NCTUE admits the allegations in Paragraph 3, except that it is a non-profit corporation.

4. To the extent Plaintiff has properly alleged his claims, NCTUE admits that this Court may exercise its jurisdiction.

5. Paragraph 5 is a legal conclusion to which no response is required. To the extent a response may be required, NCTUE is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. NCTUE admits that Equifax is a consumer reporting agency as

defined by the FCRA.  NCTUE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.

7. NCTUE admits that it is a consumer reporting agency as defined by the FCRA.  NCTUE members exchange information within the NCTUE database to other NCTUE members who have a permissible purpose under 15 U.S.C. § 1681b.  NCTUE denies the remaining allegations in Paragraph 7.

8. NCTUE admits that it received a request from Plaintiff for a copy of his NCTUE consumer disclosure on or about May 17, 2016.  NCTUE states that the provisions of the FCRA speak for themselves and to the extent Plaintiff misstates, mischaracterizes, and/or misrepresents the provisions of the FCRA, the remaining allegations in Paragraph 8 are denied.  NCTUE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8.

9. NCTUE is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. NCTUE is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. NCTUE denies the allegations in Paragraph 11.

12. NCTUE states that the provisions of the FCRA speak for themselves

and to the extent Plaintiff misstates, misrepresents, and/or mischaracterizes the provisions of the FCRA, the allegations in Paragraph 12 are denied.

13. NCTUE states that it did not provide a consumer report, as that term is defined by the FCRA, to Equifax regarding Plaintiff.

14. NCTUE denies Paragraph 14 as stated. NCTUE states that it shares information among its members only. NCTUE admits that Equifax is not a member of NCTUE.

15. NCTUE states that it did not provide a consumer report, as that term is defined by the FCRA, to Equifax. NCTUE admits that it did not provide any consumer reports to Equifax regarding Plaintiff "in response to a court order or subpoena issued in connection with proceedings before a federal grand jury." NCTUE is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 15.

16. NCTUE states that it did not provide a consumer report, as that term is defined by the FCRA, to Equifax. NCTUE admits that it did not provide any consumer reports to Equifax regarding Plaintiff "in response to written instructions from Mr. Heagerty." NCTUE is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 16.

17. NCTUE states that it did not provide a consumer report, as that term is

defined by the FCRA, to Equifax.  NCTUE admits that it had "no reason to believe that Equifax intended to use Mr. Heagerty's consumer reports in connection with a credit transaction."  NCTUE is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 17.

18. NCTUE states that it did not provide a consumer report, as that term is defined by the FCRA, to Equifax.  NCTUE admits that it had "no reason to believe that Equifax intended to use Mr. Heagerty's consumer reports for employment purposes."  NCTUE is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 18.

19. NCTUE states that it did not provide a consumer report, as that term is defined by the FCRA, to Equifax.  NCTUE admits that it had "no reason to believe that Equifax intended to use Mr. Heagerty's consumer report in connection with the underwriting of insurance."  NCTUE is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 19.

20. NCTUE states that it did not provide a consumer report, as that term is defined by the FCRA, to Equifax.  NCTUE admits that it had "no reason to believe that Equifax intended to use Plaintiff's consumer reports in connection with a determination of Mr. Heagerty's eligibility for a license or other benefit granted by a governmental instrumentality."  NCTUE is without knowledge or information

sufficient to form a belief as to the remaining allegations in Paragraph 20.

21. NCTUE states that it did not provide a consumer report, as that term is defined by the FCRA, to Equifax regarding Plaintiff.

22. NCTUE states that the provisions of the FCRA speak for themselves and to the extent Plaintiff misquotes, misstates, misrepresents, and/or mischaracterizes the provisions of the FCRA, the allegations in Paragraph 22 are denied.

23. NCTUE states that it did not provide a consumer report, as that term is defined by the FCRA, to Equifax regarding Plaintiff. NCTUE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23.

24. NCTUE states that the provisions of the FCRA speak for themselves and to the extent Plaintiff misquotes, misstates, misrepresents, and/or mischaracterizes the provisions of the FCRA, the allegations in Paragraph 24 are denied.

25. NCTUE denies the allegations in Paragraph 25.

26. NCTUE denies the allegations in Paragraph 26.

27. NCTUE denies the allegations in Paragraph 27.

28. NCTUE denies the allegations in Paragraph 28.

29. NCTUE denies the allegations in Paragraph 29.

30. NCTUE denies the allegations in Paragraph 30.

31. NCTUE denies the allegations in Paragraph 31.

32. NCTUE denies the allegations in Paragraph 32.

33. NCTUE denies the allegations in Paragraph 33.

34. NCTUE denies the allegations in Paragraph 34.

35. NCTUE denies the allegations in Paragraph 35.

36. NCTUE denies the allegations in Paragraph 36.

37. NCTUE denies the allegations in Paragraph 37.

38. NCTUE denies the allegations in Paragraph 38.

39. NCTUE denies the allegations in Paragraph 39.

40. NCTUE denies the allegations in Paragraph 40.

41. NCTUE denies that Plaintiff is entitled to the relief requested in Paragraph 41 and the subsequent Prayer for Relief.

42. NCTUE admits that Plaintiff has requested a trial by jury. NCTUE denies that Plaintiff is entitled to a trial by jury.

43. Any allegation in Plaintiff's Complaint not heretofore specifically responded to by NCTUE is hereby denied.

## **DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiff, NCTUE pleads the following defenses to the Complaint:

### FIRST DEFENSE

NCTUE asserts that Plaintiff lacks standing to bring his claims under Article III of the U.S. Constitution.

### SECOND DEFENSE

NCTUE asserts that Plaintiff has failed to state a claim upon which relief can be granted.

### THIRD DEFENSE

NCTUE asserts that it did not provide any consumer reports, as that term is defined by the FCRA, to Equifax regarding Plaintiff.

### FOURTH DEFENSE

NCTUE asserts that Plaintiff has not suffered any injury in fact.

### FIFTH DEFENSE

NCTUE asserts that some of Plaintiff's claims are barred by the FCRA's statute of limitations.

### SIXTH DEFENSE

NCTUE adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme

Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

### SEVENTH DEFENSE

NCTUE asserts waiver, laches, and estoppel.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, NCTUE prays that:

(1)   Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)   it be dismissed as a party to this action;

(3)   it recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted this 4th day of May, 2018.

KING & SPALDING LLP

By: /s/ *Kendall W. Carter*

Kendall W. Carter (Ga. Bar No. 114556)
1180 Peachtree Street N.E.
Atlanta, Georgia  30309-3521
Tel:  (404) 572-4600
Fax:  (404) 572-5100
Email:  kcarter@kslaw.com
*Attorneys for National Consumer Telecom*
*& Utilities Exchange, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to:

Charles Jackson Cole
Craig Edward Bertschi
McRae Bertschi & Cole, LLC
Suite 200
1350 Center Drive
Dunwoody, GA 30338

/s/ *Kendall W. Carter*
Kendall W. Carter
Attorney for National Consumer
Telecom & Utilities Exchange, Inc.