IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GLENN HEAGERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:18-cv-01233-CAP-CMS |
| EQUIFAX INFORMATION | ) | |
| SERVICES LLC and NATIONAL | ) | |
| CONSUMER TELECOM & | ) | |
| UTILITIES EXCHANGE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to Local Rule 16.2, the Parties to the captioned case submit the following Joint Preliminary Report and Discovery Plan:

1.   **Description of Case:**

(a)   Nature of this Action:  This case arises under the Fair Credit Reporting Act ("FCRA") and alleges violations of 15 U.S.C. § 1681b(a), 15 U.S.C. § 1681e(a) and 15 U.S.C. § 1681b(f).

(b)   Facts of the Case:

*Plaintiff's Statement:*  Mr. Heagerty is an individual and a resident of the State of Georgia.  Defendants are both credit reporting agencies.  On May 17, 2016, Mr. Heagerty exercised his rights under the Fair Credit Reporting Act ("FCRA") and requested what is commonly known as a "file disclosure" from NCTUE.  In other

words, Mr. Heagerty requested that NCTUE disclose to him all information contained in his NCTUE file.   Upon receiving his NCTUE file disclosure, Mr. Heagerty learned that during the time period June 25, 2014 to May 31, 2016, NCTUE provided Mr. Heagerty's NCTUE consumer report to Equifax on at least 90 occasions.   NCTUE did not have a permissible purpose to provide Mr. Heagerty's consumer report to Equifax, and Equifax did not have a permissible purpose to obtain Mr. Heagerty's consumer report from NCTUE.   These actions violated the FCRA, constituted an invasion of Mr. Heagerty's privacy and have caused Mr. Heagerty to suffer actual damages in the form of emotion distress.

*Defendant National Consumer Telecom & Utilities Exchange, Inc.'s Statement:* National Consumer Telecom & Utilities Exchange, Inc. ("NCTUE") is a non-profit member association incorporated under New Jersey law.   NCTUE is a consumer reporting agency as defined by the FCRA.   NCTUE has a relationship with Equifax concerning NCTUE's credit file data and providing NCTUE credit file disclosures to consumers upon request.   Plaintiff alleges that NCTUE violated §1681b and §1681e(a) of the FCRA.   NCTUE denies that it violated the FCRA as alleged by Plaintiff and that Plaintiff has suffered any harm as a result of the alleged violations.

*Defendant Equifax Information Services LLC's ("Equifax") Statement:* Equifax is a consumer reporting agency as that term is defined by the FCRA. Equifax has a

relationship with NCTUE concerning NCTUE's credit file data and providing NCTUE credit file disclosures to consumer's upon request.  Equifax denies that it violated the FCRA as alleged by Plaintiff and, further, that Plaintiff has suffered any harm.

(c)      The legal issues to be tried are as follows:

*Plaintiff's Position:*

- Whether Defendants violated 15 U.S.C. § 1681b(a), 15 U.S.C. § 1681e(a) and 15 U.S.C. § 1681b(f).

- Whether Defendants' violations of the FCRA were negligent or willful.

- Whether Defendants' actions justify an award of punitive damages.

- The amount of actual damages suffered by Plaintiff.

- The amount of attorneys fees recoverable by Plaintiff.

*Defendant NCTUE's Position:*

- Whether NCTUE issued any consumer reports, as that term is defined by the FCRA, concerning Plaintiff to Equifax.

- Whether NCTUE violated the FCRA in its handling of Plaintiff's credit file as alleged in Plaintiff's Complaint.

- Whether Plaintiff has standing under Article III of the U.S. Constitution to bring his claims.;

- Whether Plaintiff suffered any damages as a result of any FCRA violation by NCTUE.

*Defendant Equifax's Position:*

- Whether Equifax violated the FCRA with respect to Plaintiff as alleged in Plaintiff's Complaint;

- Whether Equifax obtained a consumer report, as that term is defined in the FCRA, from NCTUE concerning Plaintiff.

- Whether Plaintiff has standing under Article III of the U.S. Constitution to bring his claims.

- Whether Plaintiff suffered any damages as a result of any FCRA violation by Equifax.

The Parties are not aware of any pending related cases or any previously adjudicated related cases.

**2.     This case should not be designated as a "complex" case.**

**3.     Counsel:** The following individually-named attorneys are hereby designated as lead counsel for the parties:

- Plaintiff: Craig E. Bertschi, McRae Bertschi & Cole LLC.

- Defendant NCTUE: Kendall W. Carter, King & Spalding LLP.

- Defendant Equifax: N. Charles Campbell, King & Spalding LLP.

**4.     Jurisdiction:** By Plaintiff:  The Court has jurisdiction over the Defendants and the subject matter of this case.   By Defendants:  Defendants reserve the right to challenge standing, and therefore jurisdiction, based on Plaintiff's lack of "concrete harm" under *Spokeo v. Robbins,* 578 U.S. ___, 136 S. Ct. 1540 (2016).

**5.     Parties to This Action:**  The Parties are not aware of any necessary parties who have not been joined to the case, any improperly joined parties, and none of

the Parties' names have been inaccurately stated or had necessary portions omitted.  The Parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**  None anticipated at this time.

**7.     Filing Times For Motions:**  All motions should be filed as soon as possible. The Local Rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a)     *Motions to Compel*:   Before the close of discovery or within the extension period.  Local Rule 37.1.

(b)     *Motion for Summary Judgment*:  Within thirty days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)     *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:** The Parties will file their Initial Disclosures in accordance with the Local Rules.

**9.     Request for Scheduling Conference:** None of the Parties request a scheduling conference at this time.

**10.     Discovery Period:** Discovery in this case shall commence 30 days after both Defendants file Answers to the Complaint and expire four months later.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.  In the event a party amends its pleading in a manner that creates a need for additional discovery, any party may move the Court to extend the discovery period for a reasonable time.

*Plaintiff*:  Plaintiff anticipates seeking discovery on the following topics:

- Defendants' policies and procedures for compliance with 15 U.S.C. § 1681b(a), 15 U.S.C. § 1681e(a) and 15 U.S.C. § 1681b(f).

- The reason(s) why NCTUE provided Mr. Heagerty's consumer report to Equifax.

- The employees and representatives of Equifax who viewed Mr. Heagerty's consumer reports.

- What use employees and other representatives of Equifax made of information contained in Mr. Heagerty's consumer reports.

- What information NCTUE provides to persons and entities who make "soft inquiries" on NCTUE files.

- The contractual and other relationships between Defendants, pursuant to which NCTUE allowed Equifax to make inquiries on Mr. Heagerty's NCTUE file.

*Defendant NCTUE:* Defendant NCTUE anticipate seeking discovery on the following topics:

- The facts and circumstances surrounding the allegations in Plaintiff's Complaint;

- Communications between Plaintiff and NCTUE, if any;

- Communications between Plaintiff and Equifax, if any;

- NCTUE's relevant policies and procedures;

- The facts and circumstances surrounding Plaintiff's alleged damages;

- Causation relating to Plaintiff's alleged damages;

- Plaintiff's credit history;

- Any other issues raised by the pleadings or discovery.

*Defendant Equifax:* Defendant Equifax anticipates seeking discovery on the following topics:

- The facts and circumstances surrounding the allegations in Plaintiff's Complaint;

- Communications between Plaintiff and NCTUE, if any;

- Communications between Plaintiff and Equifax, if any;

- Plaintiff's alleged damages;

- Any other issue raised by the pleadings or discovery.

**11.     Discovery Limitation and Discovery of Electronically Stored Information:**

(a)     No Party requests a change to the Federal Rules of Civil Procedure or the Local Rules with respect to ESI.

(b)     Mr. Heagerty does not have any ESI.   Defendants may be in possession of ESI that may become responsive to anticipated requests in discovery. The Parties agreed generally to produce ESI in a PDF, readable format to the extent possible, and to continue their discussion regarding the scope and format of the production of ESI as the case progresses.

**12.     Other Orders:** The Parties have agreed to service of discovery and pleadings via email in accordance with Fed. R. Civ. P. 5(b)(2)(E).

**13.      Settlement Potential:**

(a)     Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on May 14, 2018, and that they participated in settlement discussions.   Other persons who participated in the settlement discussions:

*For Plaintiff*:  Lead counsel, Craig E. Bertschi.

*For Defendants*:   NCTUE Lead counsel, Kendall W. Carter; Equifax Lead counsel, N. Charles Campbell.

(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.

(__X__) A possibility of settlement after discovery.

(_____) A possibility of settlement, but a conference with the judge is needed.

(_____) No possibility of settlement.

(c)     Counsel (__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

**14.     Trial by Magistrate Judge:** The parties do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted, this 4th day of June, 2018.

| | | |
|---|---|---|
| */s/ Craig E. Bertschi* | */s/ Kendall W. Carter* | */s/ Charles Campbell* |
| Craig E. Bertschi | Kendall W. Carter | Charles Campbell |
| Georgia Bar No. 055739 | Georgia Bar No. 114556 | Georgia Bar No. 210929 |
| 678.999.1102 | 404.572.4600 | 404.572.4600 |
| ceb@mcraebertschi.com | kcarter@kslaw.com | ccampbell@kslaw.com |

**MCRAE BERTSCHI & COLE LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338

*Counsel for Plaintiff*

**King & Spalding**
1180 Peachtree Street N.E.
Atlanta, Georgia 30309-3521

*Counsel for National Consumer Telecom & Utilities Exchange, Inc.*

**King & Spalding**
1180 Peachtree Street N.E.
Atlanta, Georgia 30309-3521

*Counsel for Equifax Information Services LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GLENN HEAGERTY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:18-cv-01233-CAP-CMS |
| EQUIFAX INFORMATION | ) | |
| SERVICES LLC and NATIONAL | ) | |
| CONSUMER TELECOM & | ) | |
| UTILITIES EXCHANGE, INC., | ) | |
| | ) | |
|     Defendants. | ) | |

## <u>SCHEDULING ORDER</u>

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

      IT IS SO ORDERED, this _____ day of _____, 20____.

_____
UNITED STATES DISTRICT JUDGE