IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GLENN HEAGERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:18-cv-01233-CAP-CMS |
| EQUIFAX INFORMATION | ) | |
| SERVICES LLC and NATIONAL | ) | |
| CONSUMER TELECOM & | ) | |
| UTILITIES EXCHANGE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **PLAINTIFF'S INITIAL DISCLOSURES**

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

This case arises under the Fair Credit Reporting Act and alleges violations of 15 U.S.C. § 1681b(a), 15 U.S.C. § 1681e(a) and 15 U.S.C. § 1681b(f).

Mr. Heagerty is an individual and a resident of the State of Georgia. Defendants are both credit reporting agencies. On May 17, 2016, Mr. Heagerty exercised his rights under the Fair Credit Reporting Act ("FCRA") and requested what is commonly known as a "file disclosure" from NCTUE.

1

In other words, Mr. Heagerty requested that NCTUE disclose to him all information contained in his NCTUE file.  Upon receiving his NCTUE file disclosure, Mr. Heagerty learned that during the time period June 25, 2014 to May 31, 2016, NCTUE provided Mr. Heagerty's NCTUE consumer report to Equifax on at least 90 occasions.  NCTUE did not have a permissible purpose to provide Mr. Heagerty's consumer report to Equifax, and Equifax did not have a permissible purpose to obtain Mr. Heagerty's consumer report from NCTUE.  These actions violated the FCRA, constituted an invasion of Mr. Heagerty's privacy rights and have caused Mr. Heagerty to suffer actual damages in the form of emotional distress.

The legal issues to be tried are as follows: (1) whether Defendants violated 15 U.S.C. § 1681b(a); (2) whether Defendant NCTUE violated 15 U.S.C. § 1681e(a); (3) whether Defendant Equifax violated 15 U.S.C. § 1681b(f); (4) whether Defendants' violations of the FCRA were willful or negligent; (3) the amount of damages suffered by Plaintiff; (4) whether Defendants' actions justify an award of punitive damages; and (5) the amount of attorneys fees recoverable by Plaintiff.

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

15 U.S.C. § 1681b(a); 15 U.S.C. § 1681e(a); 15 U.S.C. § 1681b(f); 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a)(1); 15 U.S.C. § 1681n(a); 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(b); 15 U.S.C. § 1681(a)(4); *40 Years of Experience with the Fair Credit Reporting Act*, An FTC Staff Report with Summary of Interpretations, July 2011, p. 28; *Witt v. CoreLogic Saferent, LLC*, No. 3:15-cv-386, 2016 U.S. Dist. LEXIS 110662 at *39-*41 (E. D. Va. August 18, 2016); *King v. Asset Acceptance, LLC*, 452 F. Supp. 2d 1272, 1278-79 (N.D. Ga. 2006); *Moore v. Equifax Information Services LLC*, 333 F. Supp. 2d 1360, 1365 (N.D. Ga. 2004).

(3)     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

See Attachment A hereto.

(4)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

At this time, Plaintiff has not determined whether he will call a witness at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  Plaintiff will supplement his response to this disclosure as required by law.

(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

See Attachment C hereto.

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

Plaintiff seeks to recover actual damages in this case resulting from Defendants' invasion of his privacy rights including anxiety, frustration and other emotional distress or, in the alternative, statutory damages. Plaintiff also seeks to recover punitive damages and attorneys fees. As discovery has not yet commenced, Plaintiff will supplement his response to this disclosure as required by law.

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

Plaintiff is not aware of any such policies.

(8)  Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

There are none.

This 4th day of June, 2018.

**MCRAE BERTSCHI & COLE LLC**  /s Craig E. Bertschi
Suite 200, 1350 Center Drive       Craig E. Bertschi
Dunwoody, Georgia 30338            Georgia Bar No. 055739
                                   ceb@mcraebertschi.com
                                   678.999.1102

                                   Charles J. Cole
                                   Georgia Bar No. 176704
                                   cjc@mcraebertschi.com
                                   678.999.1105

                                   *Counsel for Plaintiff*

## ATTACHMENT A

1. Equifax Information Services LLC's employees – Equifax's employees have knowledge of the dates of Equifax's inquiries on Plaintiff's file, the purpose of those inquiries, the data returned in response to those inquiries and the persons with whom that data was shared.  Equifax can be contacted at Equifax Information Services, LLC, P.O. Box 740256, Atlanta, Georgia 30374 or through its counsel.

2. Heagerty, Glenn – Mr. Heagerty is the Plaintiff in this case.  He has knowledge of his discovery of Defendants' violations of the Fair Credit Reporting Act and his damages.

3. National Consumer Telecom & Utilities Exchange, Inc.'s employees – NCTUE's employees have knowledge of the dates of Equifax's inquiries on Plaintiff's file, the purpose of those inquiries, and the data returned in response to those inquiries.  NCTUE does not list a physical address, but can be contacted through its website at https://www.nctue.com/contact-us or through its counsel of record.

# **ATTACHMENT C**

1. Plaintiff's file disclosure from NCTUE.

2. Plaintiff's file disclosure from Equifax.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GLENN HEAGERTY,           ) | |
| )| |
| Plaintiff,           ) | |
| )| |
| v.           ) | CIVIL ACTION FILE |
| )| NO. 1:18-cv-01233-CAP-CMS |
| EQUIFAX INFORMATION           ) | |
| SERVICES LLC and NATIONAL           ) | |
| CONSUMER TELECOM &           ) | |
| UTILITIES EXCHANGE, INC.,           ) | |
| )| |
| Defendants.           ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document in the captioned case using the Court's ECF electronic filing system, which will generate a Notice of Electronic Filing and which constitutes sufficient service under Local Rule 5.1A(3).

This 4th day of June, 2018.

/s Craig E. Bertschi
Craig E. Bertschi

8