# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **GLENN HEAGERTY,** | |
| Plaintiff, | **CIVIL ACTION FILE NO.** |
| v. | **1:18-cv-01233-CAP-CMS** |
| **EQUIFAX INFORMATION SERVICES LLC and NATIONAL CONSUMER TELECOM & UTILITIES EXCHANGE, INC.,** | |
| Defendants. | |

## SCHEDULING ORDER

## AND CASE MANAGEMENT INSTRUCTIONS

This Order contains important information specific to cases assigned or referred to United States Magistrate Judge Catherine M. Salinas. The parties are **ORDERED** to read this Order carefully and to comply with all of its requirements.

**A.   SCHEDULE AND PRELIMINARY DEADLINES**

On June 4, 2018, the parties in this case filed their Joint Preliminary Report and Discovery Plan ("PRDP"). (Doc. 16). The time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the PRDP. **Discovery ends on October 1, 2018**.

Motions for summary judgment, if any, are due no later than 30 days after the close of discovery unless otherwise permitted by order of the Court. Federal Rule of Civil Procedure 56 and Local Rules 56.1 and 7.1 set out the requirements for filing and responding to motions for summary judgment. The parties should review these rules carefully. Absent unusual circumstances, a hearing will not be scheduled for consideration of the motion. See Moore v. State of Fla., 703 F.2d 516, 519 (11th Cir. 1983). If no motions for summary judgment are filed, the parties must file a proposed pretrial order on or before 40 days from the close of discovery. LR 16.4, NDGa. (as modified herein).

**B.     CONTACTING CHAMBERS**

Courtroom Deputy Clerk Angela L. Smith is your principal point of contact on administrative matters relating to this case. Neither the parties nor their counsel should discuss the merits of the case with Ms. Smith or any of the Court's law clerks. Ms. Smith's contact information is as follows:

> The Honorable Catherine M. Salinas
> ATTN: Angela L. Smith, Courtroom Deputy
> 1807 United States Courthouse
> 75 Ted Turner Drive, SW
> Atlanta, Georgia 30303-3309
> Angela_L_Smith@gand.uscourts.gov

If a telephone call is necessary, you may reach Ms. Smith at 404-215-1380.

## C.   DISCOVERY DISPUTES

Counsel and/or pro se litigants are required to confer by telephone or in person, in good faith, before bringing a discovery dispute to the Court.  See Fed. R. Civ. P. 26(c) and 37; LR 37.1A, NDGa.  The duty to confer is not satisfied by simply sending a letter or email to the other side unless the other side refuses to confer by telephone or in person.  If a party is unable to informally resolve a discovery dispute after conferring by telephone or in person, that party should contact the Court's courtroom deputy and request a conference with the Court.  Typically, the Court will hold a conference call to discuss the issue, and may request that each side submit a short statement via email to the Court (and the opposing party) discussing the issue in advance of the conference.  In any event, no party may file a motion to compel or other motion arising out of a discovery dispute without first obtaining the Court's permission.

The Court is usually available by telephone to resolve objections and other disputes that may arise during depositions.

## D.   CONFIDENTIALITY ORDERS AND MOTIONS TO SEAL

No pleadings or other materials may be filed under seal with the Clerk of Court without the filer first obtaining the Court's permission.  As a general matter, this Court

3

will seal only those items enumerated in the Court's Standing Order 04-02 regarding sensitive information and public access to electronic case files.

If this case is assigned to a district judge, a party seeking to file a document under seal must follow any specific procedures of that presiding district judge. Procedures of individual district judges are available on the Court's website under the heading "For Attorneys" and then "Trial Instructions/Preparation" or by contacting the Clerk's Office. A party seeking to file a document under seal must follow the Court's rules and procedures set forth in Section II(J) of Appendix H to the Local Rules for the Northern District of Georgia, which are located on the Court's website, http://www.gand.uscourts.gov/ cv-sealed-procedures, unless the presiding district judge's procedures are inconsistent with those rules and procedures. Any proposed Confidentiality Order submitted for the Court's approval and signature must contain a provision that mandates compliance with this paragraph and the procedures described herein.

### E. ELECTRONIC FILING OF EXHIBITS AND ATTACHMENTS

The parties should make every effort to label all electronically-uploaded exhibits and attachments according to their content. For example, the parties should label their exhibits as "Ex. A: John Smith Deposition," or "Ex. B: Employment

Contract," rather than simply "Ex. A" or "Ex. B." All exhibits must be filed in a text-searchable PDF format.

**F.   MOTIONS FOR SUMMARY JUDGMENT**

    **1.   Courtesy Copies**

Pursuant to Section I(A) of Appendix H to the Local Rules for the Northern District of Georgia, within three days of making an electronic filing concerning a motion for summary judgment, all counseled parties are required to provide Judge Salinas's Chambers with a hard copy of all filings and exhibits related to such motion. **The copy provided must include the CM/ECF header on the top of each page**. All exhibits should be clearly marked and tabbed for ease of reference. This courtesy copy requirement applies with equal force to deposition transcripts filed in support of or in response to a motion for summary judgment. This courtesy copy requirement does not apply to pro se litigants.

With respect to other types of motions, courtesy copies are not necessary unless specifically requested by the Court.

    **2.   Record References**

All citations to the record evidence should be contained in each party's brief, not just in the party's statement of undisputed (or disputed) facts. Citations to deposition testimony should immediately follow the cited testimony and include the

deponent's name and the page number of the transcript where the referenced testimony can be found. Line numbers are not necessary.

### 3. Deposition Transcripts

When filing a brief in support of or in opposition to a motion for summary judgment, the party must simultaneously file an electronic copy of the complete transcript of each deposition referenced in the brief, including all exhibits, as well as a notice of filing of the deposition transcript(s). Copies of individual deposition pages to which the parties referred in their memoranda of law need not be attached to the memoranda or otherwise submitted in a separate form.

As noted above, whenever a deposition transcript is electronically filed, the filer must also provide the Court with a courtesy copy of the transcript, with exhibits, within three days of the electronic filing. **The copy of the deposition transcript and exhibits must include the CM/ECF header on the top of each page**. The courtesy copy requirement for deposition transcripts does not apply to pro se litigants.

### 4. Statement of Material Facts and Response

In addition to following the form instructions set out in LR 56.1B, NDGa., a counseled party responding to a statement of material facts must copy into its response document the numbered statement to which it is responding and provide its response to that statement immediately following. A party that chooses to reply to a

response shall copy into its reply document its original numbered statement of material fact and the opposing party's response, and then provide its reply to that response. Each party shall file its documents in a text-searchable PDF format. Statements of material facts that do not conform with these instructions will be returned to counsel for revision.

### G.  MEDIATION

The parties are advised that the Court offers the services of its magistrate judges to mediate cases at no cost to the parties. If the parties in this case wish to mediate, they should file a consent motion asking the Court to stay all deadlines and refer the case to mediation.

**SO ORDERED**, this 6th day of June, 2018.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE