# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GLENN HEAGERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 1:18-cv-01233-CAP-CMS |
| EQUIFAX INFORMATION ) | |
| SERVICES LLC and NATIONAL ) | |
| CONSUMER TELECOM & ) | |
| UTILITIES EXCHANGE, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT NATIONAL CONSUMER TELECOM &
UTILITIES EXCHANGE, INC.'S RESPONSE TO
PLAINTIFF'S FIRST INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, National Consumer Telecom & Utilities Exchange, Inc. ("NCTUE"), serves upon Plaintiff, Glenn Heagerty ("Plaintiff"), the following objections and responses to Plaintiff's First Interrogatories to Defendant NCTUE ("Interrogatories"). A two-year statute of limitations applies to Plaintiff's claims in this case. Consequently, for purposes of responding to the Interrogatories, NCTUE will consider the relevant time period to be March 23, 2016 through March 23, 2018, the date that Plaintiff filed the Complaint.

NCTUE objects to Plaintiff's definition of "Inquiries" included with his

- 1 -

Interrogatories on the basis that the definition is vague, ambiguous, and calls for a legal conclusion.

## OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

State the full factual basis for each Affirmative Defense asserted in your Answer.

**RESPONSE TO INTERROGATORY NO. 1:**

NCTUE states that the basis of its defenses 1-4, 6 and 7 are that it did not provide a consumer report to "EISCOMPANY" as Plaintiff alleges in his Complaint, nor did it issue a "consumer report" to any entity in association with soft inquiry for "EISCOMPANY" appearing on Plaintiff's NCTUE data file. See NCTUE's Response to Interrogatory No. 2.

With regard to NCTUE's defenses 5 and 7, NCTUE believes that Plaintiff's claims arising from any event preceding March 23, 2016, particularly those listed in Paragraphs 10 and 11 of Plaintiff's Complaint, are barred by the FCRA's two-year statute of limitations at 15 U.S.C. § 1681p.

**INTERROGATORY NO. 2:**

State the full factual basis for your contention that NCTUE did not provide "consumer reports" to Equifax in connection with the Inquiries.

**RESPONSE TO INTERROGATORY NO. 2:**

NCTUE objects to Interrogatory No. 2 on the basis that it is vague,

ambiguous, overbroad and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. NCTUE states that it contracts with Equifax Information Services LLC to store and maintain all of its consumer data files. The only data provided by NCTUE to Equifax in association with the "EISCOMPANY" and "EIS/EQUIFAX" notations on Exhibit A to Plaintiff's First Requests for Interrogatories was data used by Equifax in calculating an Equifax Insight Score, not a full copy of Plaintiff's NCTUE credit file. Further, neither the data provided by NCTUE nor the Equifax Insight Score, or any other information transmitted between NCTUE and Equifax was used for the purposes of establishing Plaintiff's eligibility for credit, insurance, or employment.

**INTERROGATORY NO. 3:**

State the purpose, basis or reason why each of the Inquiries were made.

**RESPONSE TO INTERROGATORY NO. 3:**

See NCTUE's Response to Interrogatory No. 2.

**INTERROGATORY NO. 4:**

Identify (by name, address and title) the person(s) who initiated or were responsible for making each of the Inquiries.

**RESPONSE TO INTERROGATORY NO. 4:**

NCTUE is not in possession of information responsive to Interrogatory No.

4.

**INTERROGATORY NO. 5:**

Describe all data or information provided by NCTUE in response to each of the Inquiries.

**RESPONSE TO INTERROGATORY NO. 5:**

NCTUE objects to Interrogatory No. 5 on the basis that it is vague, ambiguous, overbroad and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. The only data provided by NCTUE to Equifax in association with the "EISCOMPANY" and "EIS/EQUIFAX" notations on Exhibit A to Plaintiff's First Requests for Interrogatories was data used by Equifax in calculating an Equifax Insight Score, not a full copy of Plaintiff's NCTUE credit file. Further, neither the data provided by NCTUE nor the Equifax Insight Score, or any other information transmitted between NCTUE and Equifax was used for the purposes of establishing Plaintiff's eligibility for credit, insurance, or employment.

**INTERROGATORY NO. 6:**

Describe all categories of data or information customarily provided by NCTUE in response to soft inquires.

**RESPONSE TO INTERROGATORY NO. 6:**

NCTUE objects to Interrogatory No. 6 on the basis that the term "soft inquiries" is vague and ambiguous. NCTUE further objects to Interrogatory No. 6

- 4 -

on the basis that it is overbroad and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. NCTUE will not provide a further response to Interrogatory No. 6.

### INTERROGATORY NO. 7:

During the time period January 1, 2014 to January 1, 2017, was any of the data or information provided by NCTUE in response to any of the Inquiries shared with attorneys, paralegals or other employees of the law firm of King & Spalding, LLP ("K&S")? If your answer is "yes," please identify (by name and title) each such person and explain why the data or information was shared with them.

### RESPONSE TO INTERROGATORY NO. 7:

NCTUE objects to Interrogatory No. 7 on the basis that it is vague, ambiguous, overbroad and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. There is no indication that NCTUE provided Plaintiff's NCTUE data file to any third party.

### INTERROGATORY NO. 8:

Identify (by full name, address and telephone number) the entities listed on Exhibit A hereto as "EISCOMPANY," "EXSC" and "EIS/EQUIFAX."

### RESPONSE TO INTERROGATORY NO. 8:

Equifax objects to Interrogatory No. 8 on the basis that the phrase "entities listed on Exhibit A" is vague and ambiguous. Equifax did not provide a consumer

- 5 -

report to any entity in connection with any of the inquiries appearing in Exhibit A to Plaintiff's First Interrogatories.  The only data provided by NCTUE to Equifax in association with the "EISCOMPANY" and "EIS/EQUIFAX" notations on Exhibit A to Plaintiff's First Requests for Interrogatories was data used by Equifax in calculating an Equifax Insight Score, not a full copy of Plaintiff's NCTUE credit file.  Further, neither the data provided by NCTUE nor the Equifax Insight Score, or any other information transmitted between NCTUE and Equifax was used for the purposes of establishing Plaintiff's eligibility for credit, insurance, or employment.  The address listed for EIS/EQUIFAX at Exhibit A is PO Box 740241, Atlanta, GA 30374.  NCTUE is not in possession of further information responsive to Interrogatory No. 8.

**INTERROGATORY NO. 9:**

During the time period January 1, 2014 to the present, state each date on which Equifax made an inquiry on Plaintiff's NCTUE file.

**RESPONSE TO INTERROGATORY NO. 9:**

NCTUE objects to Interrogatory No. 9 on the basis that it is vague, ambiguous, overbroad and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. The only data provided by NCTUE to Equifax in association with the "EISCOMPANY" and "EIS/EQUIFAX" notations on Exhibit A to Plaintiff's First

Requests for Interrogatories was data used by Equifax in calculating an Equifax Insight Score, not a full copy of Plaintiff's NCTUE credit file. Further, neither the data provided by NCTUE nor the Equifax Insight Score, or any other information transmitted between NCTUE and Equifax was used for the purposes of establishing Plaintiff's eligibility for credit, insurance, or employment. EIS/Equifax or EISCOMPANY inquiries appeared on Plaintiff's NCTUE file for the following dates:

June 25, 2014; June 30, 2014; July 1, 2014; July 2, 2014; July 18, 2014; July 21, 2014; July 22, 2014; July 23, 2014; July 25, 2014; July 30, 2014; August 8, 2014; August 19, 2014; August 20, 2014; September 9, 2014; October 7, 2014; November 4, 2014; November 5, 2014; December 1, 2014; July 7, 2015; August 10, 2015; August 27, 2015; August 28, 2015; August 30, 2015; September 2, 2015; September 14, 2015; November 8, 2015; November 9, 2015; May 12, 2016; May 15, 2016; May 26, 2015; May 27, 2016; May 31, 2016; June 14, 2016; June 15, 2016; June 19, 2016; June 21, 2016; June 22, 2016; June 23, 2016; June 24, 2016; June 25, 2016; June 27, 2016; July 3, 2016; July 27; 2016; August 22, 2016; October 3, 2016; November 29, 2016; November 30, 2016; December 9, 2016; December 11, 2016; December 14, 2016; December 21, 2016; January 17, 2017; January 19, 2017; January 24, 2017; January 27, 2017; January 30, 2017; February

3, 2017; February 14, 2017; February 17, 2017; May 9, 2017; May 12, 2017; May 24, 2017; June 7, 2017; July 24, 2017; October 25, 2017; and November 4, 2017.

**INTERROGATORY NO. 10:**

During the time period January 1, 2014 to the present, state the date(s) on which Plaintiff disputed the information in his NCTUE credit file pursuant to 15 U.S.C. § 1681i and the date(s) on which NCTUE completed its reinvestigation of each such dispute.

**RESPONSE TO INTERROGATORY NO. 10:**

NCTUE objects to Interrogatory No. 10 on the basis that it is vague, ambiguous, overbroad and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence because Plaintiff's Complaint in this case does not allege any violation of 15 U.S.C. § 1681i.  NCTUE will not provide a further response to Interrogatory No. 10.

- 9 -

Respectfully submitted this 27th day of November, 2018.

        KING & SPALDING LLP

        By: /s/ *Kendall W. Carter*
        Kendall W. Carter (Ga. Bar No. 114556)
        1180 Peachtree Street N.E.
        Atlanta, Georgia  30309-3521
        Tel:  (404) 572-4600
        Fax:  (404) 572-5100
        Email:  kcarter@kslaw.com

        *Attorneys for National Consumer Telecom & Utilities Exchange, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that I have this 27th day of November, 2018 served a true and correct copy of the foregoing via email to the following counsel of record:

Charles Jackson Cole
Craig Edward Bertschi
McRae Bertschi & Cole, LLC
Suite 200
1350 Center Drive
Dunwoody, GA 30338

N. Charles Campbell
King & Spalding LLP
1180 Peachtree Street
Atlanta, GA 30309

/s/ *Kendall W. Carter*
Kendall W. Carter
Attorney for National Consumer
Telecom & Utilities Exchange, Inc.