# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| GLENN HEAGERTY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | 1:18-cv-01233-CAP-CMS |
| | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES LLC; and NATIONAL | ) | |
| CONSUMER TELECOM & | ) | |
| UTILITIES EXCHANGE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT NATIONAL CONSUMER TELECOM & UTILITIES
EXCHANGE, INC.'S INITIAL DISCLOSURES**

Defendant, National Consumer Telecom & Utilities Exchange, Inc.
("NCTUE"), makes the following Initial Disclosures pursuant to Federal Rule of
Civil Procedure 26(a)(1) and Local Rule 26.1.

The disclosures set forth herein constitute the best information presently
available to NCTUE.  NCTUE, however, has not completed its investigation of the
facts underlying this lawsuit, nor has NCTUE completed its discovery.
Accordingly, these disclosures are made without prejudice to NCTUE's right to
amend, supplement or change these disclosures if and when additional, different,
or more accurate information becomes available.

**(1)    If the defendant is improperly identified, state the defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in the disclosure response.**

Defendant NCTUE is properly identified.

**(2)    Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff.  If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

At this time, NCTUE is unaware of any necessary parties who have not been named by Plaintiff.

**(3)    Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by defendant in the responsive pleading.**

Discovery is in its initial stages and NCTUE is continuing to investigate the facts, claims, and defenses available to it.   NCTUE reserves the right to supplement this disclosure in accordance with Fed. R. Civ. P. 26.   Without limiting the factual and legal defenses available to it stated in its Answer, or limiting its ability to supplement this response as additional facts are developed during discovery or otherwise, NCTUE offers the following details as a factual basis for its defenses:

Plaintiff alleges that NCTUE violated the Fair Credit Reporting Act ("FCRA") providing Equifax consumer reports concerning him without a

permissible purpose as required by the FCRA.  NCTUE denies that it provided any consumer reports, as that term is defined by the FCRA, concerning Plaintiff to Equifax  NCTUE denies that Plaintiff has suffered any harm as a result of any of the information that he alleges NCTUE provided to Equifax about him.

NCTUE expects that additional facts in support of its defenses will be developed during discovery.  NCTUE does not waive, and expressly incorporates as if set forth fully in these Disclosures, the defenses set forth in its Answer. NCTUE reserves the right to supplement this disclosure as appropriate.

**(4)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which   defendant contends are applicable to this action.**

Applicable Statutes:

Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq;*

15 U.S.C. § 1681e(a);

15 U.S.C. § 1681b.

Illustrative Case Law:

*Safeco Ins.* Co. *of Am. v. Burr*, 551 U.S. 47 (2007);

*BMW of  N. Am., Inc. v. Gore*, 517 U.S. 559 (1996);

*Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540 (2016);

*Nagle v. Experian Info. Sols., Inc*., 297 F.3d 1305 (11th Cir. 2002);

*Levine v. World Fin. Network Nat'l Bank,* 554 F.3d 1314 (11th Cir. 2009).

NCTUE reserves the right to supplement this response.

**(5)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A attached hereto.  NCTUE reserves the right to supplement

its response to this disclosure.

**(6)   Provide the name of any person who may be used at trial to present evidence under rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

See Attachment B attached hereto.  NCTUE reserves the right to supplement

this disclosure as appropriate.

**(7)   Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.   (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C attached hereto.  NCTUE reserves the right to supplement

this disclosure as appropriate.

**(8)   In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based,**

4

including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

NCTUE is not seeking damages at this time but reserves the right to do so.

**(9)    If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address and telephone number of such person or entity and describe in detail the basis of such liability.**

At this early stage in this case, NCTUE has not yet identified such a

person/entity, but reserves the right to supplement its response to this disclosure.

**(10)    Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance  agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

NCTUE is reviewing the insurance coverage issue and will amend its

response once it has determined whether it has insurance coverage that may cover

the claims.

Respectfully submitted this 4th day of June, 2018.

KING & SPALDING LLP

By: /s/ *Kendall W. Carter*
Kendall W. Carter (Ga. Bar No. 114556)
1180 Peachtree Street N.E.
Atlanta, Georgia  30309-3521
Tel:  (404) 572-4600

Fax:  (404) 572-5100
Email:  kcarter@kslaw.com
*Attorneys for National Consumer Telecom*
*& Utilities Exchange, Inc.*

## ATTACHMENT A

NCTUE has not yet discovered all individuals who may have discoverable, non-privileged information that may support NCTUE's defenses in this case.  To date, NCTUE has identified the following:

1.      Glenn Heagerty, Plaintiff.

Plaintiff is likely to have knowledge of his  personal and credit history, the allegations contained in his  Complaint, the events and circumstances giving rise to this lawsuit,  and any communications with NCTUE.

2.      Alan Moore, or another designated representative of NCTUE
        Executive Director
        National Consumer Telecom and Utilities Exchange, Inc.
        751 Plaza Boulevard
        Coppell, Texas, 75019

Mr. Moore is likely to have information regarding the structure of NCTUE, its history and business model, and its relationship with Equifax to handle NCTUE credit files and consumer disputes concerning those files.

3.      A representative of Equifax
        Equifax Information Services LLC
        1550 Peachtree Street
        Atlanta, GA 30309

This representative is likely to have information regarding the policies, practices, and procedures of Equifax for maintaining NCTUE credit files and investigating disputes on those files, the contents of Plaintiff's NCTUE credit file,

any NCTUE information concerning Plaintiff that was accessed by Equifax, and, after reviewing relevant documents, the facts at issue in this case.

These individuals may have knowledge of the facts at issue in this case regarding account(s) and/or any adverse actions.

4.     Any individual needed for impeachment or rebuttal.

5.     Any witness identified by any other party to this lawsuit.

## **ATTACHMENT B**

NCTUE has not yet identified any individual it will call as a witness at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.  NCTUE reserves the right to supplement this disclosure as appropriate.

## **ATTACHMENT C**

NCTUE identifies the following documents that may be used to support its defenses in this litigation that are in its possession:

1.      Plaintiff's current NCTUE credit file;

2.      Relevant portions of NCTUE's policy and procedures, which will be produced upon entry of a protective order;

3.      Documents showing communications between Plaintiff and NCTUE, if any;

4.      Documents showing communications between Plaintiff and Equifax, if any;

5.      Any documents identified by Plaintiff or Equifax.

## **CERTIFICATE OF SERVICE**

This is to certify that I have this 4th day of June, 2018 served a true and correct copy of the foregoing via email to the following counsel of record:

Charles Jackson Cole                 N. Charles Campbell
Craig Edward Bertschi               King & Spalding LLP
McRae Bertschi & Cole, LLC      1180 Peachtree Street
Suite 200                                  Atlanta, GA 30309
1350 Center Drive
Dunwoody, GA 30338


                                    /s/ *Kendall W. Carter*
                                    Kendall W. Carter
                                    Attorney for National Consumer
                                    Telecom & Utilities Exchange, Inc.

11