IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GLENN HEAGERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIVIL ACTION FILE NO. |
| | ) | 1:18-cv-01233-CAP-CMS |
| EQUIFAX INFORMATION | ) | |
| SERVICES LLC and NATIONAL | ) | |
| CONSUMER TELECOM & | ) | |
| UTILITIES EXCHANGE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS EQUIFAX INFORMATION SERVICES LLC AND NATIONAL CONSUMER TELECOM & UTILITIES EXCHANGE, INC.'S RESPONSES TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

Defendants, Equifax Information Services LLC ("Equifax") and National Consumer Telecom & Utilities Exchange, Inc. ("NCTUE"), in support of its motion for summary judgment and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, sets forth the following response to Plaintiff's Statement of Material Facts that Present a Genuine Issue for Trial (Doc. 48-2).

1. Mr. Heagerty is an individual and a "consumer" under 15 U.S.C. § 1681a(c). Ex. B - Defendant Equifax Information Services LLC's Objections and Responses to Plaintiff's First Requests for Admission ("Equifax's 1st RFA Response"), ¶ 1; Ex. C - Defendant National Consumer Telecom & Utilities Exchange, Inc.'s Objections and Responses to Plaintiff's First Request for Admissions ("NCTUE's 1st RFA Response"), ¶ 1.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

2. NCTUE is a consumer reporting agency. Ex. C - NCTUE's 1st RFA Response, ¶ 2.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

3. NCTUE owns a database containing credit information on over 200 million U.S. consumers, including Mr. Heagerty. Ex. C - NCTUE's 1st RFA Response, ¶ 5; Ex. H – Defendant National Consumer Telecom & Utilities Exchange, Inc.'s Initial Disclosures ("NCTUE's Initial Disclosures"), pp. 7 and 10.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

4. The information contained in NCTUE's database comes from its members, who are companies in the telecommunications, pay TV and utilities industries, such as AT&T, DirecTV and Georgia Power. Ex. C - NCTUE's 1st RFA Response, ¶¶ 10-12.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

5. The data supplied by NCTUE's members is credit data about consumers, including consumers' account payment histories, number of accounts, type of accounts, credit available, credit used, length of credit history, information about unpaid and closed accounts and customer service applications. Ex. C - NCTUE's 1st RFA Response, ¶ 9; Ex. E - Defendant Equifax Information Services LLC's Objections and Responses to Plaintiff's Second Set of Interrogatories ("Equifax's 2nd ROG Response"), Response to Interrogatory No. 3; Deposition of Lisa Willis (the "Willis Depo."), pp. 29-30; Deposition of Alan Moore (the "Moore Depo."), p. 13; Deposition of Celestina Gobin (the "Gobin Depo."), p. 12.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

6. NCTUE sells the consumer credit information in its database to its members in the form of "data reports," which are "consumer reports." Ex. C - NCTUE's 1st RFA Response, ¶¶ 14-15; Ex. B - Equifax's 1st RFA Response, ¶¶ 9-10.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

7. NCTUE's members use NCTUE consumer reports in making decisions whether to extend services to consumers and other permissible purposes under the FCRA. Ex. C - NCTUE's 1st RFA Response, ¶ 17; Ex. H - NCTUE's Initial Disclosures, pp. 7 and 10.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

8. Equifax is also a consumer reporting agency. Ex. C - NCTUE's 1st RFA Response, ¶ 18; Ex. B - Equifax's 1st RFA Response, ¶ 13.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

9. Equifax is not a member of NCTUE. Ex. C - NCTUE's 1st RFA Response, ¶ 19; Ex. B - Equifax's 1st RFA Response, ¶ 15.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

10. Equifax does not own the data in NCTUE's database. Moore Depo., p. 14.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

11. There is no common ownership between Equifax and NCTUE. Moore Depo., pp. 24-25.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

12. Equifax is a vendor to NCTUE and is responsible for hosting and maintaining NCTUE's database of consumer data. Ex. C - NCTUE's 1st RFA Response, ¶¶ 6-7; Moore Depo., pp. 13-15.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

13. Equifax created and developed a credit score called the "Insight Score." Willis Depo., pp. 26-28 and Exhibit 54 thereto.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

14. To reinvestigate and track consumer disputes, Equifax uses a software platform called "ACIS," which is an acronym for "Automated Consumer Interview System." Ex. D - Defendant Equifax Information Services LLC's Objections and Responses to Plaintiff's Second Requests for Admission ("Equifax's 2nd RFA Response"), ¶¶ 1-2.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

15. When an ACIS operator accesses a consumer's Equifax credit file to conduct a dispute reinvestigation, the ACIS system automatically and without prompting provides the ACIS operator with the consumer's Insight Score. Gobin Depo., pp. 88 and 90-91; Willis Depo., p. 66-67.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

16. The Insight Score is based, in part, on information contained in consumers' NCTUE credit files. Willis Depo., pp. 26 and 29-30 and Exhibit 54 thereto.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

17. In order to generate the Insight Score, Equifax obtains the following credit data from consumers' NCTUE credit files: account payment history, number of accounts, type of accounts, credit available, credit used, and length of credit history. Ex. E - Equifax's 2nd ROG Response, Response to Interrogatory No. 3; Willis Depo., pp. 29-30 and 40-47; Gobin Depo., p. 12.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

18. When Equifax obtains credit data from consumers' NCTUE credit files in order to generate an Insight Score, that event is recorded as an "inquiry" on consumers' NCTUE "data report." Willis Depo., pp. 29-30, 44-47, 49 and Exhibits 41, 51 and 52 thereto.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

19. This sequence of events described in Paragraphs 15-18 above is part of the functionality of ACIS and occurs every time an ACIS operator accesses a consumer's Equifax credit file. Willis Depo., p. 47; Gobin Depo., p. 91.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

20. The generation of an Insight Score is unnecessary to the reinvestigation of consumer disputes. Ex. E - Equifax's 2nd ROG Response, Response to Interrogatory No. 4; Willis Depo., pp. 68-69.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

21. Equifax automatically generates an Insight Score every time an ACIS operator accesses a consumer's Equifax credit file as a convenience and for customer service reasons. Gobin Depo., p. 89.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

22. Since 2014, Mr. Heagerty has made numerous disputes of the accuracy and completeness of information contained in his Equifax credit file. Ex. F - Defendant Equifax Information Services LLC's Objections and Responses to Plaintiff's First Set of Interrogatories ("Equifax's 1st ROG Response"), Response to Interrogatory No. 9.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

23. Equifax reinvestigated Mr. Heagerty's disputes using its ACIS software platform. Gobin Depo., pp. 10-11, 16-17, 21-78 and Exhibits 1-38 thereto.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

24. Each time an ACIS operator accessed Mr. Heagerty's Equifax credit file, an Insight Score was generated for Mr. Heagerty and displayed to the ACIS operator. Willis Depo., pp. 28, 44-47, 66-67 and Exhibits 51 and 52 thereto; Gobin Depo., p. 88.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

25. In order to generate Insight Scores for Mr. Heagerty, Equifax obtained credit data from Mr. Heagerty's NCTUE credit file, including his account payment histories, the number of accounts in his name, the type of accounts that he held, his credit available, his credit used and the length of his credit history. Ex. E - Equifax's 2nd ROG Response, Response to Interrogatory No. 3; Willis Depo., pp. 26, 29-30, 40-43 and 44-47.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

26. Equifax did not need to generate an Insight Score on Mr. Heagerty or access data in his NCTUE credit file to reinvestigate any of the disputes that Mr. Heagerty made regarding the information in his Equifax credit file. Gobin Depo., pp. 21-78.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

27. When Equifax accessed Mr. Heagerty's NCTUE credit file to generate an Insight Score, that event was recorded as an "inquiry" and listed on Mr. Heagerty's NCTUE file disclosure. Willis Depo., pp. 44-47, 49 and 33-36 and Exhibits 51, 52 and 41 thereto.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

28. The sections of Mr. Heagerty's NCTUE file disclosures that list the inquiries contain the following language: "Companies that inquired on your [NCTUE] data report based on a service request that you initiated. This section lists the companies that requested your [NCTUE] data report." Willis Depo., Exhibits 51, 52 and 41.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

29. The companies that are listed as having obtained Mr. Heagerty's NCTUE "data report" are, "EISCOMPANY," "EIS/EQUIFAX," "ACIS" and "GESC," which are all pseudonyms for Equifax and its ACIS system. Ex. B - Equifax's 1st RFA Response, ¶¶ 24-25; Equifax-Willis Depo., pp. 35-36, 39-40 and 49.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion.

30. Equifax did not have a permissible purpose to obtain an NCTUE consumer report regarding Mr. Heagerty. Ex. G – Defendant National Consumer Telecom & Utilities Exchange, Inc.'s Response to Plaintiff's First Interrogatories ("NCTUE's 1st ROG Response"), Response to Interrogatory Nos. 2 and 9; Ex. F - Equifax's 1st ROG Response, Response to Interrogatory No. 2.

**RESPONSE**: Objection. Defendants object on the grounds that Mr. Heagerty's evidence does not support the stated fact. The cited Interrogatory responses state that NCTUE did not provide, and Equifax did not receive, a consumer report.

31. Sometime in 2016, NCTUE's Executive Director, Alan Moore, learned that when ACIS operators accessed consumers' Equifax credit files, ACIS was generating Insight Scores on the consumers, which was "causing … a hit on the [consumers'] NCTUE [credit] file." Moore Depo., pp. 31-32 and 34.

**RESPONSE**: Objection. Defendants object on the grounds that Mr. Heagerty's evidence does not support the stated fact. Mr. Moore submitted an errata sheet that corrected his testimony to reflect that the referenced year should be 2018, not 2016. *See*, Ex. A. to the supplemental declaration of Alan Moore ("Supp. Moore

Dec."). Plaintiff's counsel was copied on the transmission of the errata sheet to the court reporter.

32. Once Mr. Moore was alerted to this situation, he caused NCTUE's outside counsel with the Baker Donelson law firm to instruct Equifax to cease and desist. Moore Depo., pp. 35-36.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion, with the caveat that the date was corrected by Mr. Moore, as discussed in response to No. 31. *See also*, Ex. A, Supp. Moore Dec.

33. Equifax defied Mr. Moore's demand, and as of March 23, 2018, Equifax had obtained data from Mr. Heagerty's NCTUE credit file at least 185 times. Willis Depo., pp. 43-44, 49 and 30-31 and Exhibits 51, 52 and 41 thereto.

**RESPONSE**: Objection. Defendants object on the grounds that Mr. Heagerty's evidence does not support the stated fact. As discussed in response to No. 31, the referenced conversation occurred in 2018, not 2016. In particular, Mr. Moore's corrected testimony shows the conversation occurred in "spring or late summer 2018." Ex. A, Supp. Moore Dec. Therefore, on March 23, 2018, there was nothing for Equifax to "defy."

34. In July 2016, Mr. Heagerty exchanged emails with an attorney at King & Spalding, Ms. Meryl Roper, who was representing both Equifax and NCTUE at the time. Ex. A - The Declaration of Glenn Heagerty (the "Heagerty Declaration"), ¶ 2 and Exhibit 2 thereto.

**RESPONSE**: Objection. Defendants object on the grounds that Mr. Heagerty's evidence does not support the stated fact.

35. In response to Mr. Heagerty's concerns regarding Equifax accessing his NCTUE credit file, Ms. Roper wrote: "The NCTUE system and the dispute resolution system at Equifax Information Services [ACIS] are linked together, and that is what caused the inquires to show up on the NCTUE report." Ex. A - Heagerty Declaration, ¶ 2 and Exhibit 2 thereto.

**RESPONSE**: The Court can properly consider Mr. Heagerty's evidence for purposes of the summary judgment motion

Dated: June 17, 2019.

                                                   KING & SPALDING LLP

                                                   By: */s/ N. Charles Campbell*
                                                   J. Anthony Love (Ga. Bar No. 459155)
                                                   N. Charles Campbell (Ga. Bar No. 210929)
                                                   1180 Peachtree Street N.E.
                                                   Atlanta, Georgia 30309-3521
                                                   Tel: (404) 572-4600
                                                   Fax: (404) 572-5100
                                                   Email: ccampbell@kslaw.com
                                                   Email: tlove@kslaw.com

                                                   *Attorneys for Equifax Information Services LLC and National Consumer Telecom & Utilities Exchange, Inc.*