IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GLENN HEAGERTY,                          )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )          CIVIL ACTION FILE NO.
                                         )          1:18-cv-01233-CAP-CMS
EQUIFAX INFORMATION                      )
SERVICES LLC and NATIONAL                )
CONSUMER TELECOM &                       )
UTILITIES EXCHANGE, INC.,                )
                                         )
        Defendants.                      )

**PLAINTIFF'S MOTION TO STRIKE THE
DECLARATION OF MERYL ROPER AND BRIEF IN SUPPORT**

Plaintiff Glenn Heagerty respectfully moves the Court to strike the

Declaration of Meryl Roper [Docket #71-1] on the grounds that it was filed with

the Reply Brief in Support of Defendant's Motion for Summary Judgment (the

"Reply Brief") in violation of Fed. R. Civ. P. 6(c)(2) and Local Rule 7.1A(1).  In

support of this Motion, Mr. Heagerty respectfully shows the Court the following:

I.      STATEMENT OF FACTS

The dispositive motion deadline in this case was May 13, 2019.  On that day,

Defendants filed their Motion for Summary Judgment. Docket #53.  In support of

that Motion, Defendants filed declarations from three witnesses: Celestina Gobin

[Docket #53-3], Lisa Willis [Docket #53-4] and Alan Moore [Docket #55]. Defendants did *not* file a declaration from Meryl Roper in support of their Motion.

On June 18, Mr. Heagerty filed a timely opposition to Defendants' Motion for Summary Judgment. And, on July 3, Defendants filed the Reply Brief in support of their Motion. With their Reply Brief, Defendants also submitted new evidence, specifically the Declaration of Meryl Roper. *See* Docket #71-1. In her Declaration, Ms. Roper contradicts and retracts material representations that she made to Mr. Heagerty in a July 2016 email. At no time prior to the filing of Ms. Roper's Declaration was Mr. Heagerty aware that Ms. Roper intended to disavow those representations.

Defendants' decision to file Ms. Roper's Declaration with their Reply Brief was surprising. The email that is the subject of Ms. Roper's testimony was quoted in and a basis for Mr. Heagerty's Motion for Partial Summary Judgment. *See* Brief in Support of Plaintiff's Motion for Partial Summary Judgment [Docket #48-1], p. 24. That email was also attached to the Declaration that Mr. Heagerty submitted in support of his Motion for Partial Summary Judgment as Exhibit B. *See* Declaration of Glenn Heagerty [Docket # 48-3], ¶ 2 and Exhibit 2.

Thus, Defendants were on notice of Mr. Heagerty's reliance on the statements made in Ms. Roper's email no later than May 13. However, rather than file Ms. Roper's Declaration with their response to Mr. Heagerty's Motion for

Partial Summary Judgment, Defendants waited until they filed their Reply Brief in support their Motion for Summary Judgment to file the Roper Declaration.

## II.     ARGUMENT AND CITATION OF AUTHORITIES

This case presents a textbook example of violations of Fed. R. Civ. P. 6(c)(2) and Local Rule 7.1A(a).  Under Rule 6(c)(2), "[a]ny affidavit supporting a motion must be served with the motion."  Local Rule 7.1A(a) imposes the same requirement.  "If allegations of fact are relied upon, supporting affidavits must be attached to the memorandum of law."

By filing Ms. Roper's Declaration with their Reply Brief, Defendants violated Fed. R. Civ. P. 6(c)(2) and Local Rule 7.1A(a).  As a result and under the precedents of this Court, Ms. Roper's Declaration is untimely and should not be considered in support of Defendants' Motion for Summary Judgment.  *See, e.g., Carlisle v. National Commercial Services, Inc.* No. 1:14-CV-515-TWT-LTW, 2015 U.S. Dist. LEXIS 88186 at *2 (N.D. Ga. June 12, 2015) (refusing to consider untimely declaration filed with reply brief); *Jones v. Haristoy, Inc.*, No. 3:03-CV-121-JTC, 2004 U.S. Dist. LEXIS 33009 at *12, fn. 9 (N.D. Ga. October 8, 2004) (striking and refusing to consider declarations filed with reply brief); *Lewis v. Zilog, Inc.*, 908 F. Supp. 931, 959 (N.D. Ga. 1995) (finding that affidavits filed with reply brief were untimely and sustaining objection to their admissibility).

- 4 -

### III.   CONCLUSION

In light of the foregoing, Mr. Heagerty respectfully requests that his Motion

to Strike the Declaration of Meryl Roper be sustained.

This 8th day of July, 2019.

**MCRAE BERTSCHI & COLE LLC**          */s/ Craig E. Bertschi*
Suite 200, 1350 Center Drive               Craig E. Bertschi
Dunwoody, Georgia 30338                 Georgia Bar No. 055739
                                                       ceb@mcraebertschi.com
*Counsel for Plaintiff*                           678.999.1102

                                                       Charles J. Cole
                                                       Georgia Bar No. 176704
                                                       cjc@mcraebertschi.com
                                                       678.999.1105