# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| GLENN HEAGERTY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | 1:18-cv-01233-CAP-CMS |
| | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS EQUIFAX INFORMATION SERVICES LLC AND NATIONAL CONSUMER TELECOM & UTILITIES EXCHANGE, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

In his Response in Opposition to the Defendants' Motion for Summary Judgment, Plaintiff attempted to bolster his emotional distress claim by citing to an email exchange with Meryl Roper, an attorney at King & Spalding. Doc. 62 at p. 18. In response to Plaintiff's statements and as part of their Reply, Defendants submitted the Declaration of Meryl Roper (the "Declaration") to clarify and respond to mischaracterizations made by Plaintiff about the exchange. Doc. 71-1 and Doc. 71 at n. 3.

Although submitted in response to Plaintiff's statements, Plaintiff nevertheless seeks to strike the Declaration on the sole basis that it was filed with Defendants' Reply rather than with their Motion for Summary Judgment and,

therefore, untimely. Plaintiff's reliance on Federal Rule 6(c)(2) and Local Rule 7.1(A)(1) is misplaced because Defendants submitted the Declaration in response to Plaintiff's claims, not as part of their affirmative motion for summary judgment. Defendants did not rely on or even cite to the email exchange as part of their motion for summary judgment. Absent clairvoyance, they had no way of knowing—at the time they filed their motion for summary judgment—that Plaintiff would rely on the email exchange as part of his Response. As numerous courts within the Eleventh Circuit have held, consideration of a declaration submitted with a reply in these circumstances is warranted.

In his statement of facts, Plaintiff insinuates that because he made brief reference to the email exchange in a separate pleading—which reference was made in a different context than his reference in the Response—Defendants should have submitted the Declaration sooner. Doc. 73 at pp 2-3. Plaintiff does not cite any rule or case to support this illogical proposition, nor does he indicate how doing so would have cured his perceived defect in the Declaration.

The Court should deny Plaintiff's motion because Defendants submitted the Declaration as a reply to issues raised by Plaintiff in his Response. Therefore, Federal Rule 6(c)(2) and Local Rule 7.1(A)(1), along with the cases cited by Plaintiff, are inapplicable.

# ARGUMENT AND CITATION OF AUTHORITY

## I. The Court Should Consider The Declaration

### a. The time of the filing of the Declaration is not dispositive.

The Federal Rules require that "[a]ny affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(c)(2). Similarly, the Local Rules provide that "supporting affidavits must be attached to the memorandum of law." L.R. 7.1(A)(1). Neither the Federal Rules nor Local Rules provide for the situation presented here where Defendants submitted the Declaration as a reply to statements made by Plaintiff in his Response.

Nevertheless, courts within the Eleventh Circuit have routinely held that "a movant may make supplemental records submissions in a reply brief to rebut specific arguments raised by the nonmovant's opposition brief." *Mattress Safe, Inc. v. J.T. Eaton & Co., Inc.*, No. 1:18-CV-2915-MHC, 2019 WL 2714498, at *3 (N.D. Ga. Jan. 15, 2019) (quoting *Stewart-Patterson v. Celebrity Cruises, Inc.*, No. 12-20902-CIV, 2012 WL 5997057, at *1 (S.D. Fla. Nov. 30, 2012)). To be sure, the Declaration "must be limited to addressing an argument initiated by [the nonmoving party] in their responses." *Id.* (quoting *Tischon Corp. v. Soundview Commc'ns, Inc.*, No. 1:04-CV-524-JEC, 2005 WL 6038743, at *8 (N.D. Ga. Feb. 15, 2005)). Further, the Declaration must be submitted "only for the limited purpose of responding to

matters raised in the responses filed by opposing parties." *Carlisle v. Nat'l Commercial Servs., Inc.*, No. 1:14-CV-515-TWT, 2015 WL 4092817, at *1 (N.D. Ga. July 7, 2015) (citations and quotations omitted).

This is exactly what Defendants did here. The Declaration contains six total paragraphs. Doc. 71-1. Excluding the introductory paragraphs, the Declaration has three substantive paragraphs. *Id*. Each of those three paragraphs directly responded to issues raised by Plaintiff in his Response. Paragraphs 4 and 5 clarify a misstatement in the email on which Plaintiff relies. Paragraph 6 clarifies a misrepresentation made by Plaintiff that Ms. Roper represented NCTUE (she did not). None of the information in the Declaration was used or referred to in Defendants' motion for summary judgment.

In his motion, Plaintiff argues the Court should strike the Declaration simply because it was filed with Defendants' Reply. Doc. 73 at p. 3. ("By filing Ms. Roper's Declaration with their Reply Brief, Defendants violated Fed. R. Civ. P. 6(c)(2) and Local Rule 7.1A(a). As a result and under the precedents of this Court, Ms. Roper's Declaration is untimely and should not be considered in support of Defendants' Motion for Summary Judgment.") In making this *ipso facto* argument, Plaintiff does not attempt to distinguish—indeed does not even acknowledge the existence of—

the principles cited in the above case law.[1] The Declaration's limited statements fit squarely within the requirements for declarations submitted with reply briefs, as articulated by the cases discussed above. Accordingly, Plaintiff's motion should be denied.

b. Plaintiff's reference to his own motion for partial summary judgment is irrelevant.

In his statement of facts, Plaintiff makes reference to his own motion for partial summary judgment in an apparent attempt to convince the Court the Defendants should have submitted the Declaration sooner. Doc. 73 at pp. 2-3. To the extent this can be construed as an argument, the Court should reject it. First, Plaintiff includes this only in his statement of facts; it does not appear anywhere in his short argument section. More importantly, Plaintiff cites no authority to support his insinuation that the Court should strike the Declaration because Defendants did not submit it with their opposition to his separate motion. Indeed, if Plaintiff's argument were correct—that all declarations submitted with a reply are to be struck (it is not)—then it is not clear how submitting the declaration in response to Plaintiff's separate motion would make any difference here.

---

[1] Plaintiff correctly notes that the *Carlisle* Court refused to consider a declaration, but ignores the fact that it also recognized courts will consider such declarations where, as here, they are offered to respond to matters raised in the nonmoving party's opposition.

Finally, to the extent the Court is inclined to further consider this issue, it should reject it because Plaintiff's citation to the email exchange in his motion was made in a wholly different context than his citation to the email exchange here. In his own motion for summary judgment, Plaintiff quoted a single sentence from the email exchange in an effort to show NCTUE had "actual knowledge."[2] Doc. 48-1 at pp. 23-24. In his Response, Plaintiff made no reference to NCTUE's "actual knowledge" but instead referred to the email exchange in an attempt to show emotional distress. Doc. 62 at pp. 18-19. In doing so he relied on additional statements in the email exchange not referenced in his own motion. Thus, the "notice" Plaintiff claims was no notice at all. For these additional reasons, Plaintiff's motion should be denied.

## **CONCLUSION**

For the reasons set forth above, the Court should consider the Declaration and deny Plaintiff's motion.

---

[2] Defendants responded to Plaintiff's mischaracterization in their Response. Doc. 64 at pp. 13-14.

Respectfully submitted this 22nd day of July, 2019.

        KING & SPALDING LLP

        By: /s/*J. Anthony Love*
        J. Anthony Love (Ga. Bar No. 459155)
        N. Charles Campbell (Ga. Bar No. 210929)
        1180 Peachtree Street N.E.
        Atlanta, Georgia 30309-3521
        Tel: (404) 572-4600
        Fax: (404) 572-5100
        Email: tlove@kslaw.com
        Email: ccampbell@kslaw.com
        *Attorneys for Equifax and NCTUE*

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that 14-point New Times Roman was used for this Response and that it has been formatted in compliance with Local Rule 5.1.

This 22nd day of July, 2019.

*/s/ N. Charles Campbell*
N. Charles Campbell
