IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GLENN HEAGERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:18-cv-01233-CAP-CMS |
| EQUIFAX INFORMATION | ) | |
| SERVICES LLC and NATIONAL | ) | |
| CONSUMER TELECOM & | ) | |
| UTILITIES EXCHANGE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION TO STRIKE THE DECLARATION OF MERYL ROPER**

Plaintiff Glenn Heagerty respectfully submits the following reply brief in support of his Motion to Strike the Declaration of Meryl Roper:

INTRODUCTION

Federal Rule of Civil Procedure 6(c)(2) has two purposes: (1) to prevent unfair surprise and (2) to allow Courts to resolve motions on their merits. *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 635, 636 (D. Kan. 2005). Defendants undermined both of these purposes by filing Ms. Roper's Declaration with the Reply Brief in support of their Motion for Summary Judgment. Contrary to Defendants' characterization, the testimony in Ms. Roper's Declaration does not simply "clarify a misstatement" that she made in a July 16, 2016 email to Mr.

- 1 -

Heagerty. Instead, Ms. Roper flatly contradicts material representations that she made to Mr. Heagerty in that email. Because Ms. Roper's Declaration was filed with Defendants' Reply Brief, Mr. Heagerty has no way to rebut it with evidence or argument, thereby prejudicing Mr. Heagerty and leaving the Court to decide Defendants' Motion based on an incomplete record.

ARGUMENT AND CITATION OF AUTHORITY

In their response to Mr. Heagerty's Motion to Strike, Defendants argue that they are not "clairvoyant" and could not have foreseen the need to file a declaration from Ms. Roper until *after* receiving Mr. Heagerty's response to their Motion for Summary Judgment. Defendants' Brief, p. 2. In support of that argument, Defendants cite *Mattress Safe, Inc. v. J. T. Eaton & Co., Inc.*, No. 1:18-CV-2915-MHC, 2019 U.S. Dist. LEXIS 115524 (N.D. Ga. January 15, 2019) and similar cases, which stand for the proposition that a movant may make "supplemental record submissions" with a reply brief in order to rebut "specific arguments raised by the nonmoveant's opposition brief." *Id.* at *7. While Defendants' reading of *Mattress Safe* and the cases cited therein is accurate, their attempt to make the facts of this case fit that law is unpersuasive.

As the Court knows, the parties in this case filed cross motions for summary judgment, which, in many ways, are mirror images of each other. In his Motion for Partial Summary Judgment and supporting Declaration, Mr. Heagerty

unequivocally took the positions that: (1) Ms. Roper was acting as legal counsel to *both* Equifax and NCTUE and (2) based on a July 12, 2016 email Mr. Heagerty received from Ms. Roper, NCTUE personnel were aware of the fact that Equifax was accessing improperly accessing his (Mr. Heagerty's) NCTUE credit file. Docket #48-3, p. 4 of 20, ¶ 12 and p. 14 of 20. Ms. Roper's Declaration directly contradicts both of these propositions. Ms. Roper now claims (1) that she was *not* representing NCTUE in July 2016 and (2) that her July 12, 2016 email to Mr. Heagerty was factually "incorrect." Docket #71-1, ¶¶ 4-6.

The problem in this case is that that Defendants did not file Ms. Roper's Declaration in response to Mr. Heagerty's Motion for Partial Summary Judgment. If they had done so, then Mr. Heagerty would have had an opportunity to address the Roper Declaration in his reply. Instead, Defendants filed Ms. Roper's Declaration with the reply in support of their Motion for Summary Judgment, thereby preventing Mr. Heagerty from offering any response whatsoever and undercutting the purposes of Rule 6(c)(2).

These facts also distinguish the authorities cited by Defendants. In *Mattress Safe*, the Court expressly stated that declarations submitted on reply must be "limited to addressing an argument *initiated*" in response to the motion. 2019 U.S. Dist. LEXIS 115524 at *8. Here, Mr. Heagerty did not "initiate" his arguments (regarding Ms. Roper's representation of NCTUE and NCTUE's knowledge of

Equifax's inquiries on his credit file) in response to Defendants' Motion for Summary Judgment. Those arguments were initiated earlier in the briefing cycle, *i.e.* when Mr. Heagerty filed his Motion for Partial Summary Judgment. Thus, Defendants did not need to be "clairvoyant" to know that the issues of Ms. Roper's representation of NCTUE and NCTUE's knowledge of the inquiries on Mr. Heagerty's file were "in play." Defendants only needed to read the Brief and Declaration filed in support of Mr. Heagerty's Motion for Partial Summary Judgment.

It is true, as Defendants point out on page 6 of their Brief, that the issues of Ms. Roper's representation of NCUTE and NCTUE's knowledge of Equifax's improper inquires on Mr. Heagerty's NCTUE credit file arise in two different contexts. Mr. Heagerty argues those points in support of his contention that NCTUE willfully violated the FCRA, while Defendants argue those points with regard to Mr. Heagerty's claim for emotional distress. But that is a distinction without a difference. The arguments regarding Ms. Roper's representation of NCTUE and NCTUE's knowledge of Equifax's improper inquiries on Mr. Heagerty's NCTUE file were *initiated* in Mr. Heagerty's Motion for Partial Summary Judgment. Because Defendants delayed and filed Ms. Roper's Declaration with the Reply Brief in Support of their Motion for Summary

Judgment, Mr. Heagerty was denied both the opportunity to address the testimony in Ms. Roper's Declaration and the arguments based thereon.

## CONCLUSION

In light of the foregoing, Mr. Heagerty respectfully requests that his Motion to Strike the Declaration of Meryl Roper be granted.

This 5th day of August, 2019.

| | |
|---|---|
| **MCRAE BERTSCHI & COLE LLC**<br>Suite 200, 1350 Center Drive<br>Dunwoody, Georgia 30338<br><br>*Counsel for Plaintiff* | */s/ Craig E. Bertschi*<br>Craig E. Bertschi<br>Georgia Bar No. 055739<br>ceb@mcraebertschi.com<br>678.999.1102<br><br>Charles J. Cole<br>Georgia Bar No. 176704<br>cjc@mcraebertschi.com<br>678.999.1105 |